DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles E. Richey, | ) | |
| | ) | |
| | ) | Civil Action No. 5:13-cv-01329-MGL-KDW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Charles E. Richey, filed this Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and

Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's

Return and Motion for Summary Judgment. ECF Nos. 29, 30. On September 16, 2013, pursuant

to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the

summary judgment procedures and the possible consequences if he failed to respond adequately

to Respondent's motion. ECF No. 31. Petitioner filed a Response in opposition to Respondent's

motion on October 21, 2013. ECF No. 35. Having carefully considered the parties' submissions

and the record in this case, the undersigned recommends that Respondent's Motion for Summary

Judgment, ECF No. 29, be GRANTED.

I.    Factual Background

Petitioner is currently incarcerated in the McCormick Correctional Institution of the

South Carolina Department of Corrections ("SCDC"). In 2003, Petitioner was indicted in the

February term of the Greenville County Grand Jury for armed robbery, resisting arrest, pointing

and presenting a firearm, kidnapping, and possession of a pistol by a person convicted of a crime

of violence. App. 276-285.[1]  On April 5-6, 2004, a jury trial was conducted before the Honorable Larry R. Patterson, in Greenville, South Carolina. App. 1-274. Attorney Daniel Farnsworth represented Petitioner, and Attorney Mike Moyer represented the State.  App. 1.  At the conclusion of the trial, Petitioner was convicted as indicted and sentenced to imprisonment for life without the possibility of parole for armed robbery; one year imprisonment for resisting arrest; one year imprisonment for pointing and presenting; imprisonment for life without the possibility of parole for kidnapping; and five years imprisonment for possession of a weapon by a person convicted of a crime of violence.  ECF No. 30 at 2.

II.    Procedural History

Trial counsel timely filed and served the Notice of Appeal.  Petitioner filed his Final *Anders*[2] Brief of Appellant on February 12, 2008. ECF No. 30-6. Petitioner filed a pro se Brief of Appellant on March 12, 2008.  ECF No. 30-8.  On December 11, 2008, the South Carolina Court of Appeals issued an order dismissing the appeal.  ECF No. 30-11.  The Remittitur was issued on December 31, 2008.  ECF No. 30-12.  On January 23, 2009, Petitioner filed an Application seeking post-conviction relief ("PCR") arguing (a) ineffective assistance of counsel, and (b) equal rights protection violation. App. 292-306. The State filed its Return on May 1, 2009, requesting an evidentiary hearing on Plaintiff's ineffective assistance of counsel claim.  App. 308-312.  On November 10, 2009, Plaintiff filed an Amended PCR Application.  App. 314-315. This same day, an evidentiary hearing was conducted before the Honorable G. Edward Welmaker in Greenville, South Carolina.  App. 318.  Petitioner was represented by Caroline Horlbeck, Esq., while the State was represented by Assistant Attorney General Karen Ratigan. *Id.*  Petitioner and his former trial counsel, Daniel Farnsworth, testified at the hearing.  App. 319-

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF Nos. 30-1, 30-2, and 30-3 in this habeas matter.
[2] *Anders v. California*, 386 U.S. 738 (1967).

381. On December 22, 2009, the PCR court issued an Order denying Petitioner's grounds for

relief and making the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052).

The Applicant stated he only met with trial counsel twice. The Applicant stated he never saw the video surveillance tape. The Applicant stated trial counsel did not argue in the Jackson v. Denno hearing that he had invoked his right to remain silent. The Applicant stated there were discrepancies in witnesses' description of his clothing. The Applicant stated he was not made aware of a potentially biased juror. The Applicant stated the money capsule was never admitted into evidence. The Applicant stated trial counsel should have argued against the charge of resisting arrest because the only evidence was evidence of flight.

3

Trial counsel testified he was not the Applicant's first attorney on these charges but that they met at least seven (7) times before trial. Trial counsel testified discovery had been filed before he was appointed and that the Applicant had a copy of that discovery. Trial counsel testified it is his policy to review items such as witness statements and videotapes with his clients. Trial counsel testified he did not look into whether there had been an arraignment. Trial counsel stated the notice of intent to seek life without parole (LWOP) had already been served when he was appointed. Trial counsel stated that, as a result of a pre-trial Jackson v. Denno[2] hearing, one of the Applicant's statements was suppressed. Trial counsel stated a supplemental report said the Applicant did not wish to say anything but that he did not argue this point at the Jackson v. Denno hearing. Trial counsel stated he argued against the show-up identification in the pre-trial Neil v. Biggers[3] hearing. Trial counsel testified there was an issue about the witnesses' description of the Applicant's clothing - one said he was wearing a burgundy shirt and the other said it was a black shirt with a burgundy shirt over his arm. Trial counsel testified he recalled a juror stating at one point that she may have recognized someone but that, after speaking with him and the State, the trial judge agreed to proceed with this juror. Trial counsel testified he would have asked for the juror to be removed if he had believed there was a bias. Trial counsel testified he recalled a money capsule was recovered from the Applicant's person but did not know if it was submitted into evidence.

This Court finds the Applicant's testimony is not credible, while also finding trial Counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

This Court finds the Applicant failed to meet his burden of proving trial counsel did not adequately discuss and review the discovery in this case. This Court notes that the discovery motions had been filed before trial counsel was appointed in this case. This Court finds trial counsel's testimony that the Applicant had a copy of the discovery materials is credible. This Court also finds credible trial counsel's testimony that part of his usual practice is to review items such as video surveillance tapes with his clients. This Court finds the Applicant has failed to show what further evidence or information could have been uncovered by trial counsel in this case. See Skeen v. State, 325 S.C. 210, 481 S.E.2d 129 (1997) (holding applicant not entitled to relief where no evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial).

_____

[2] Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774 (1964).
[3] Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375 (1972).

This Court finds the Applicant failed to meet his burden of proving that, during the Jackson v. Denno suppression hearing, trial counsel should have argued that he had invoked his right to remain silent.   Initially, this Court notes that trial counsel succeeded in having one (1) of the Applicant's three (3) statements suppressed. (Trial transcript, pp. 90-91). The Applicant's other two (2) Statements – both of which were written by the police officer – admitted he robbed the convenience store for money to buy crack. (Trial transcript pp. 73-81; pp. 81-86).  This Court has examined the trial transcript and finds that Applicant has failed to prove trial counsel performed in such a way during the Jackson v. Denno hearing [that] affected the outcome of the proceeding.  See Cherry v. State, 300 S.C. at 117-18, 386 S.E.2d at 625. This Court further notes that while Applicant's Exhibit 1 - a supplemental report where there was a notation that the Applicant did not want to say anything - was marked at the evidentiary hearing, it was never admitted into evidence. It is, therefore, axiomatic that this Court cannot consider that Exhibit.

This Court finds the Applicant failed to meet his burden of proving trial counsel did not adequately challenge the disparities in the witnesses' descriptions of the Applicant's clothing.  This allegation is not supported by the trial record. On cross-examination of both the convenience store clerk and the eyewitness, trial counsel had them confirm that the man who robbed the store was wearing a burgundy shirt. (Trial transcript, p.121; p.144).  This Court finds the Applicant failed to clearly articulate what discrepancies in his clothing were overlooked by trial counsel.

This Court finds the Applicant failed to meet his burden of proving trial counsel should have moved to have the juror struck from the panel. During voir dire, the trial judge asked each juror if a potential bias would affect his or her decision-making in the trial and each juror said it would not. (Trial transcript, pp.12-23). Between jury selection and opening arguments, the trial judge stated a juror had come forward and "said that she may have recognized someone." The trial judge stated they would start the trial and discuss the issue with the juror at the first break. (Trial transcript, p.90, lines 18-25). The matter is not addressed again on the record. This Court notes trial counsel was credible when he stated he would have objected if any juror showed bias. Regardless, this Court finds the initial charge to the jurors as to bias was sufficient.

This Court finds the Applicant failed to meet his burden of proving trial counsel erred in not making an argument about the money capsules. The Applicant appears to allege that trial counsel failed to argue the capsules should not have been mentioned because they were not admitted into evidence. This allegation is without merit. Further, trial counsel testified he knew of the existence of the capsules (because they were mentioned in the discovery materials) but that it wouldn't have helped the defense case to argue they should be admitted at trial. See Roseboro v. State, 317 S.C. 292, 294,454 S.E.2d 312, 313 (1995) (finding

where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel).

This Court finds the Applicant failed to meet his burden of proving trial counsel should have challenged the resisting arrest charge because the only evidence was evidence of flight. This allegation is refuted by trial testimony from two (2) police officers. The officers testified that after the Applicant was apprehended - but before he was handcuffed - the Applicant and one of the officers got into a scuffle. (Trial transcript, p.183; p.188). This Court finds such an altercation was clearly sufficient to justify a charge of resisting arrest. See S.C. Code Ann. § 16-9-320(A) (Supp. 2004).

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

### Equal Protection

This Court finds the Applicant has failed to meet his burden of proving trial counsel failed to protect his Equal Protection rights.

The Applicant, a black male, stated he knew a white male named David Gosnell in the detention center. The Applicant stated Gosnell was facing similar charges but was not served with a notice of intent to seek LWOP. The Applicant stated, therefore, that trial counsel should have objected to his prosecution under the LWOP statute. The Applicant argued the "Sentence Length Distribution" document from the South Carolina Department of Corrections shows more black males are incarcerated under an LWOP sentence than white males.[4]

Trial counsel testified not every individual eligible to be served with a notice of intent to seek LWOP is served with that notice. Trial counsel noted the solicitor's office has discretion in determining when and to whom to serve a notice of intent to seek LWOP. Trial counsel confirmed that David Gosnell was a former client (and a white male) that was eligible to be served with an LWOP notice but was not. Trial counsel testified there was no basis to challenge the LWOP notice based on an equal protection argument.

The United States Supreme Court has held that, in addition to showing he has been treated differently than others similarly situated, an equal protection claimant must show by direct or circumstantial evidence that discriminatory intent

was the motivating factor for the differentiation in treatment. See, e.g., Village of Arlington Heights v. Metropolitan Hous. Dev Corp., 429 U.S. 252, 97 S. Ct. 555 (1977). This Court finds the Applicant has proffered no evidence regarding the State's treatment of others similarly situated. As such, he has not met his threshold showing and does not have a viable equal protection claim. In addition, this Court finds the Applicant has not provided any evidence that the State had any discriminatory intent, much less that its conduct had anything to do with the Applicant's race, color, religion, or disability.  See id.

Accordingly, this Court concludes the Applicant has not met his burden of proving trial counsel failed to protect his Equal Protection rights.  See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

_____
[4] The Applicant's Exhibit 4. This Court notes that, while the record in this case was held open for ten (10) days in order to allow counsel for the Applicant to obtain similar data from Greenville County, such information was not furnished to the Court before the ten days elapsed.

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

### CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 392-399. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend.

Petitioner, represented by Kathrine E. Hudgins, Esquire, of the South Carolina Commission on Indigent Defense, filed a Petition for Writ of Certiorari, dated October 13, 2010. ECF No. 30-13. The two issues presented, quoted verbatim, were:

1.  Did the PCR judge err in refusing to find trial counsel ineffective for failing to preserve for appellate review the trial judge's error in admitting identification testimony from the clerk of the convenience store that was robbed, when the identification was the result of an unduly suggestive show-up identification process and the State failed to prove that the identification was reliable despite the suggestive identification process?

2.  Did the PCR judge err in refusing to find trial counsel ineffective for failing to argue that petitioner's second statement to police should have been suppressed because questioning continued after petitioner invoked his right to remain silent?

*Id.* at 3. The State filed a Return to the Petition for Writ of Certiorari on February 28, 2011. ECF No. 30-14. The South Carolina Court of Appeals issued an Order on January 25, 2013 denying the Petition. ECF No. 30-15. The Remittitur was issued on February 11, 2013. ECF No. 30-16. Petitioner filed his habeas Petition on May 20, 2013. ECF No. 1.

III.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

IV.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  Ineffective Assistance of trial counsel.
>
> Supporting facts:  The lower court erred in failing to properly determine whether counsel was ineffective in failing to argue for suppression of a second statement on the ground that it was obtained in violation of petitioner right to silent as such was not scrupulously honored.
>
> GROUND TWO:  Ineffective Assistance of trial counsel.
>
> Supporting facts:  Trial counsel failed to discover and argue for suppression of a third statement on the ground that it was obtained in violation of petitioner sixth amendment right to the present [sic] of counsel during questioning.

GROUND THREE: Ineffective Assistance of trial counsel.

Supporting facts: Trial counsel fail to preserve for appellate review whether trial judge errored [sic] in admitting identiforcation [sic] testimony of the store clerk when it was the result of an unduly suggestive show-up process and the state fail to prove its reliability.

GROUND FOUR: Ineffective Assistance of Counsel.

Supporting facts: Trial counsel failure to conduct a reasonably substantial investigation into alternative lines of defense deprived petitioner of a fair trial and undermined the proper function of the adversarial process.

ECF Nos. 1 at 5-10; 14 at 1.

B. Habeas Corpus Standard of Review

1. Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 399 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

   (A)    the applicant has exhausted the remedies available in the courts of the State; or

   (B)    (i) there is an absence of available State corrective process; or

   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding

12

"that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 496-97. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Coleman*, 501 U.S. at 752-53; *Murray v. Carrier*, 477 U.S. at 488-89. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 503-506. To show actual prejudice, the petitioner must demonstrate more than plain error.

V.      Analysis

A federal court may issue a writ of habeas corpus on claims adjudicated on their merits in state court only if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d); *Cummings v. Polk*, 475 F.3d 230, 237 (4th Cir. 2007) (internal quotation marks omitted).  "A state court's decision is contrary to clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law' or 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at' an opposite result." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).  Stated differently, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011). "[S]o long as 'fairminded jurists could disagree on the correctness of [a] state court's decision,'" a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

A.  Procedurally-Barred Grounds

Respondent contends that Grounds Two, Three and Four of the habeas Petition are procedurally defaulted and therefore not available for review.  ECF No. 30 at 15.  Respondent

also argues that Ground Five is barred by statute "to the extent it raises a freestanding claim of ineffective assistance of PCR counsel." [3]  *Id.*

1.    Ground Two:  Ineffectiveness of Trial Counsel Regarding Admissibility of Third Statement

In Ground Two of his habeas Petition, Petitioner contends that his trial counsel was ineffective when he failed to argue that Petitioner's third statement[4] to the police should have been suppressed because the statement was obtained in violation of Petitioner's right to counsel. ECF No. 1 at 6-7.  Respondent contends that he should be granted summary judgment on Ground Two of the habeas Petition because this ground was not presented during Petitioner's PCR action, and is therefore defaulted.  ECF No. 30 at 20.  Petitioner agrees that this ground is defaulted, but argues that his default should be excused under the holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) because his PCR counsel's failure to raise this ground constitutes ineffective assistance of counsel.  ECF No. 35 at 15.  Respondent contends that Petitioner's reliance on *Martinez* is misplaced because "the record supports that PCR counsel was not deficient in representation, and that the underlying claim is insubstantial."  ECF No. 30 at 21.

In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. 722, 755 (1991).  In *Martinez*, the Court recognized a narrow exception to the rule established in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

---

[3] Petitioner states in his Response to Respondent's summary judgment motion that there is not a Ground Five in his habeas Petition.  ECF No. 35 at 22.

[4] Petitioner gave three statements to the police in which he confessed to robbing a convenience store to get money for drugs.  App. 71, 77, 84.  Petitioner's first statement was suppressed following a *Jackson v. Denno* hearing, and Petitioner's second and third statements were admitted at trial.  App. 89-90.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318 (internal citation omitted).

Because Petitioner had PCR counsel, Petitioner would need to show that his PCR counsel was ineffective for failing to present claims concerning trial counsel's failure to suppress Petitioner's statement that was purportedly obtained in violation of Petitioner's right to counsel. He would also need to show that his claim had merit. Petitioner contends that his PCR counsel failed "to render reasonable competent assistance" when she amended his initial PCR application and omitted the ineffective assistance of counsel claim originally raised by Petitioner (Ground Two of this habeas Petition).  ECF No. 35 at 16. Petitioner contends that his right to counsel attached when he was arraigned on November 2, 2002, and as a result, it was inappropriate for him to be questioned by a detective on November 3, 2002.  ECF No. 35 at 18-19. Petitioner alleges that his third statement to the police was obtained in violation of his Sixth Amendment right to counsel and his trial counsel should have moved to suppress on those grounds.  *Id.* Petitioner argues that his trial counsel's conduct was "flagrant" and "unreasonable" and amounts to a "breakdown in counsel roll [sic] as advocate and thus the reliability of the adversarial testing process to produce just and reliable result."  ECF No. 35 at 20.  The undersigned finds that Petitioner's conclusory allegations concerning an arraignment that allegedly took place on

November 2, 2002,[5] is insufficient evidence to establish that his PCR counsel failed to adequately raise "substantial" claims concerning the admissibility of this third statement. The undersigned, therefore, recommends that summary judgment be granted as to Ground Two.

       2.      Ground Three: Ineffective Assistance of Counsel for Failing to Preserve for Appellate Review "Show-up" Identification by Store Clerk

In Ground Three of his Petition, Petitioner argues that his trial counsel was ineffective for failing to preserve for appellate review the "identification   testimony of the store clerk" which "was the result of an unduly suggestive show up process." ECF No. 1 at   8. Respondent contends that this argument was not presented to the PCR court and is therefore not preserved for review. ECF No. 30 at 22.  Petitioner concedes that this ground was not raised before the PCR court, but contends that his counsel's failure to raise this ground constituted ineffective assistance of counsel and therefore his default is excused under the holding in *Martinez.* ECF No. 1-5. Respondent contends that Petitioner cannot show that his PCR counsel was ineffective because Petitioner's claim regarding the inadmissibility of the store clerk's identification is "not supported by the record." ECF No. 30 at 25. Respondent argues that the "trial record demonstrates that the trial judge reasonably considered the reliability of identification" therefore rendering the identification admissible. *Id.*

In his Response to Respondent's summary judgment motion, Petitioner argues that the trial court erred in admitting the clerk's identification of Petitioner as the identification was "unduly suggestive" because

- The bystander did not clearly see the robber's face, and

---

[5] Petitioner has provided no evidence to show he was arraigned on that date. Petitioner's trial counsel was questioned at the PCR hearing regarding the particulars of Petitioner's arraignment; however, he testified he did not look into it because other counsel represented Petitioner at that time. App. 325.

- The bystander's description of the robber was based on the robber's clothing, that was inconsistent with the clerk's description of the robber's clothes.

ECF No. 1-5 at 5; ECF No. 35 at 22.  Petitioner's contends that if this issue would have been preserved for appellate review "that there is a reasonable probability that [he] would have prevailed." *Id.*

The record reflects that Petitioner's trial counsel argued against the show-up identification in the pre-trial *Neil v. Biggers*[6] hearing and noted that there was an issue about the witnesses' description of Petitioner's clothing—one said he was wearing a burgundy shirt and the other said it was a black shirt with a burgundy shirt over his arm.  App.  37, 40-41, 52-53. Trial counsel also pointed out the store clerk's limited ability to observe the face of the purported robber due to the robber's face being partially covered by a mask. App. 52-53.  The trial court explained that after considering the relevant factors—which included the witnesses' opportunity to view the accused and the level of certainty of the identification—that he found that the identification was not unnecessarily suggestive and would therefore be admitted at trial.  App. 68.

The undersigned has considered Petitioner's arguments regarding the "unduly suggestive" nature of the store clerk's identification and finds that Petitioner has not demonstrated that his PCR counsel failed to develop adequately claims regarding the show-up identification that could be considered "substantial" under *Martinez* standards.  The undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claim and therefore recommends that Respondent's Motion for Summary Judgment be granted as to Ground Three of the habeas Petition.

---

[6] 409 U.S. 188 (1972).

3.    Ground Four:  Trial Counsel was Ineffective for Failing to Adequately Investigate Alternative Defenses

In Ground Four of his habeas Petition, Petitioner argues that his trial counsel was ineffective because he failed to "conduct a reasonably substantial investigation into alternative lines of defense."  ECF No. 1 at 10.  Respondent contends that Ground Four was procedurally defaulted, and Petitioner has not shown "sufficient reason to excuse default."  ECF No. 30 at 27-28.  Petitioner cites to *Martinez* and argues that his PCR counsel was ineffective in not raising this ground because his trial counsel failed to conduct a reasonable investigation of the circumstances surrounding the statements given by Petitioner.  ECF No. 1-1 at 8.  Petitioner specifically contends that his trial counsel failed to discover the existence of a police report that indicated a possible violation of Petitioner's right to remain silent and failed to learn the date of Petitioner's arraignment which was related to whether Petitioner's third statement was taken in violation of his right to counsel.  *Id.*  Additionally, Petitioner argues that his trial counsel was ineffective for  failing to discover or to present argument concerning money tubes taken off Petitioner that were not admitted during trial, and in failing to examine the store surveillance tape. ECF No. 1-1 at 8, 10-11.  Petitioner contends that PCR counsel was ineffective for failing to raise these grounds in his PCR hearing, and thus Petitioner has shown cause to overcome the default.  *Id.* at 11. The undersigned has reviewed the record before the court and finds that Petitioner has failed to demonstrate that his claim of inadequate investigation by his trial counsel has some merit which would therefore excuse the default of Ground Four of his habeas Petition.  As noted above, Petitioner has offered insufficient evidence to support his claim that his third statement to the police was inadmissible because his right to counsel was violated.  Petitioner has also failed to offer evidence adequate to support his argument that his second statement to police was taken in violation of his right to remain silent.  *See* Section V.B.1 *infra.*   Finally, Petitioner

has not shown how the outcome of his trial was affected by the State's or his trial counsel's failure to admit into evidence money tubes purportedly taken off Petitioner's person when he was arrested. Nor has Petitioner pointed to any evidence on the surveillance tape that would have positively impacted the defense offered in this case as Petitioner testified at the PCR hearing that he did not see the surveillance video and therefore does not know what was on the tape.  *See* App. 360.  It is therefore recommended that Respondent be granted summary judgment on this claim.

    4.        No Claims of Actual Innocence

Petitioner has not argued that he is actually innocent of the crimes to which he was found guilty, such "that failure to consider the claims will result in a fundamental miscarriage of justice." *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750)); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999). Because it is recommended that Grounds Two, Three and Four be denied due to a procedural default, the undersigned will not discuss the merits of these Grounds.  *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

    B.        Merits

        1.        Ground One:  Trial Counsel Failed to Argue Admissibility of Second Statement Violated Petitioner's Right to Remain Silent

Petitioner contends that his trial counsel was ineffective when he failed to argue that Petitioner's second statement should have been suppressed because it violated Petitioner's right to remain silent.  ECF No. 1 at 5.   Respondent argues that he should be granted summary judgment on this claim because the PCR "record fully and fairly supports the factual findings,

21

and a reasonable application of the *Strickland* test to those facts." ECF No. 30 at 20.  Petitioner

contends that:

> The report of Officer Lybrand indicating a potential Fifth Amendment right to silent violation under <u>Miranda</u> presented a legitimate and viable ground upon which to argue for suppression of the second statement in question.  That trial counsel failure to discover and or use this evidence in defense of Petitioner charge was unreasonable and thus constitute deficient performance, as counsel performance fell below the objective standard reasonableness under <u>Strickland</u>.

ECF No. 35 at 10.  Petitioner argues "that the admission of [this] statement lead to an unjust or

fundamentally unfair verdict and thus denied him of the right, under due process, to a fair and

reliable adjudication of guilt." *Id.* at 13.

The Sixth Amendment to the United States Constitution guarantees a defendant the right

to effective assistance of counsel in a criminal prosecution.  *McMann v. Richardson*, 397 U.S.

759, 771, n. 14 (1970).  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme

Court held that to establish ineffective assistance of counsel, a petitioner must show deficient

performance and resulting prejudice.  Counsel renders ineffective assistance when his

performance "[falls] below an objective standard of reasonableness," but there is a "strong

presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice

requires a showing "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* at 694.

During the PCR hearing, Petitioner's trial counsel testified that he argued at the

suppression hearing that Petitioner was under the influence of some kind of drug. App. 324.

Counsel admitted that there was a report that indicated that "at some point" Petitioner indicated

that "he didn't have anything to say," and "then according to that statement" the conversation

continued. App. 325. Counsel agreed that could have been a possible basis for suppressing the

statement but that he did not raise that issue.  App. 328.  Petitioner also testified at the PCR hearing and stated that he told the officers that "[he] didn't have nothing further to say" after they read him his *Miranda* rights but trial counsel did not argue during his suppression hearing that he had invoked his right to remain silent.  App. 352-353.

The PCR court found that Petitioner "failed to meet his burden of proving that, during the *Jackson v. Denno* suppression hearing, trial counsel should have argued that he had invoked his right to remain silent." App. 395.  The PCR court found  that trial counsel was successful in having one of the three statements Petitioner gave to the police suppressed and Petitioner "failed to prove trial counsel performed in such a way during the *Jackson v. Denno* hearing [that] affected the outcome of the proceeding."  App. 395.  The PCR court also noted that the supplemental report referenced during the PCR hearing contained "a notation that Petitioner did not want to say anything," but was not admitted into evidence, and therefore could not be considered. *Id.*

The undersigned has reviewed the record before the court and finds that the PCR court's finding that Petitioner failed to prove that his trial counsel "failed to render reasonably effective assistance under prevailing professional norms" was supported by the record, and the decision was not contrary to, nor an unreasonable application of, clearly established federal law under 28 U.S.C. §2254(d)(1). The undersigned therefore recommends that Ground One be dismissed.

VI.    Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 29, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

April 22, 2014                                    Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**