

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| CHARLES E. RICHEY, | § |
| Petitioner, | § |
| | § |
| vs. | § CIVIL ACTION NO. 5:13-1329-MGL-KDW |
| | § |
| LEROY CARTLEDGE, Warden, | § |
| Respondent. | § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE,
AND DENYING PETITIONER'S MOTION FOR A HEARING

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 22, 2014, the Clerk of Court entered Petitioner's objections on May 7, 2014, and entered his amendments to his objections on May 23, 2014. The Court has carefully considered both sets of objections and finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner raises the following grounds for relief in his § 2254 petition:

GROUND ONE: Ineffective Assistance of trial counsel.
Supporting facts: The lower court erred in failing to properly determine whether counsel was ineffective in failing to argue for suppression of a second statement on the ground that it was obtained in violation of [P]etitioner['s] right to [remain] silent as such was not scrupulously honored.
GROUND TWO: Ineffective Assistance of trial counsel.
Supporting facts: Trial counsel fail[ed] to discover and argue for suppression of a third statement on the ground that it was obtained in violation of [P]etitioner['s] Sixth Amendment right to the presen[ce] of counsel during questioning.
GROUND THREE: Ineffective Assistance of trial counsel.
Supporting facts: Trial counsel fail[ed] to preserve for appellate review whether trial judge err[ed] in admitting identif[ication] testimony of the store clerk when it was the result of an unduly suggestive show-up process and the state fail[ed] to prove its reliability.
GROUND FOUR: Ineffective Assistance of counsel.
Supporting facts: Trial counsel['s] failure to conduct a reasonably substantial investigation into alternative lines of defense deprived [P]etitioner of a fair trial and undermined the proper function of the adversarial process.

Petition 6-11.

Concerning Petitioner's first claim for relief, Respondent avers that he should be granted summary judgment because the record of the PCR proceedings supports the PCR court's factual findings and a reasonable application of the ineffective-assistance-of-counsel test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner, however, argues "that the admission of [his second and third] statements lead to an unjust or fundamentally unfair verdict and thus denied him of the right, under due process, to a fair and reliable adjudication of guilt." Petitioner's Response to Respondent's Motion for Summary Judgment 13.

The Magistrate Judge concludes in the Report that the PCR court's determination that Petitioner failed to prove his ineffective-assistance-of-counsel claim as to his trial counsel "was supported by the record, and the decision was not contrary to, nor an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d)(1)." Report 23. Hence, the Magistrate Judge suggests that the Court grant summary judgment on Ground One.

As to Ground Two, both parties agree that this ground is defaulted. But, Petitioner maintains that his default should be excused under *Martinez, v. Ryan*, 132 S. Ct. 1309 (2012). *Martinez* held, in relevant part, that "[t]o overcome the default, a prisoner must . . . demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 1318. The Magistrate Judge found "Petitioner's conclusory allegations concerning an arraignment that allegedly took place on November 2, 2002, is insufficient evidence to establish that his PCR counsel failed to adequately raise 'substantial' claims concerning the admissibility of this third statement." Report 17-18 (footnote omitted). Consequently, she recommends to the Court that it also grant summary judgment on Ground Two.    On Ground Three, Petitioner agrees that this ground was not raised before the PCR court, but that his counsel's failure to raise the ground amounts to ineffective assistance of counsel. Consequently, according to Petitioner, this default should also be excused under *Martinez*. In responding to this assertion, the Magistrate Judge opines: "Petitioner has not demonstrated that his PCR counsel failed to develop adequately claims regarding the show-up identification that could be considered 'substantial' under *Martinez* standards." Report 19. Reasoning that Petitioner had neglected to establish sufficient cause and prejudice to excuse the default, the Magistrate Judge suggests that the Court grant summary judgment on Ground Three as well.

Regarding Ground Four, Respondent avows that this ground is procedurally defaulted and Petitioner has failed to demonstrate a sufficient basis to excuse the default. According to Petitioner, however, this default is excused by *Martinez*. In considering this claim, the Magistrate Judge stated that "Petitioner has failed to demonstrate that his claim of inadequate investigation by his trial counsel has some merit [that] would . . . excuse the default of Ground Four of his habeas [p]etition." Report 20. Thus, she recommends that the Court also grant summary judgment on this claim.

Turning to the Petitioner's objections, the Court observes that Petitioner's objections to the Report generally consists of nothing more than a rehashing of the arguments that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's analysis of these issues, it will not repeat the discussion here–except as it relates to Petitioner's recurring objections regarding the purported date of his arraignment and the offer and his acceptance of the appointment of counsel.

These objections appear in Petitioner's objection to the Magistrate Judge's discussion of Counts Two and Four of his petition, as well as in his amendments to his objections. Therein, Petitioner repeatedly cites to the report of Officer B. Carias in support of his argument that, on November 2, 2002, he was arraigned on the underlying state charges and that he was offered the appointment of counsel, which he accepted. The import of this date is that, according to Petitioner, any statement that he gave after this date should have been excluded from trial. But, the officer's report does not say what Petitioner says it does. Having made a de novo review of the document, the Court observes that, contrary to Petitioner's assertions, Carias's report shows neither that Petitioner was arraigned on November 2, 2002, nor that he was offered and he accepted counsel on that date. As is relevant here, it states only that (1) Carias obtained and served what appears to be

4

arrest warrants on Petitioner and (2) Magistrate Presnell set bond for Petitioner at $35,000. Objections, Exhibit 3. The report says nothing about an arraignment or the appointment of counsel.

In Petitioner's conclusion to his objections, he asks, among other things, for the Court to "determine whether . . . the cumulative effect of these errors violated [his] right to a fair trial under due process." Objections 16. He makes a similar request in his amendments to his objections. Amendments to Objections 2. But, as the Fourth Circuit has long held, "an attorney's acts or omissions 'that are not unconstitutional individually cannot be added together to create a constitutional violation.'" *Fisher v. Angelone*, 163 F.3d 835, 853 (4th Cir. 1998) (quoting *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996)).

Finally, in Petitioner's amendments to his objections, he requests that the Court grant to him an evidentiary hearing on his § 2254 petition. Inasmuch as Petitioner has failed to establish any appropriate basis for conducting such a hearing, the Court will deny the request.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITH PREJUDICE**. Moreover, Petitioner's motion for a hearing is **DENIED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or

wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6